(626 P.2d 812)

No. 51,836

ERMA BROWN, *Appellant,* v. BOARD OF STATE FAIR MANAGERS, *Appellee.*

Opinion filed April 17, 1981.

*Jim Lawing,* of Wichita, for appellant.

*Janet A. Chubb,* assistant attorney general, and *Robert T. Stephan,* attorney general, for appellee.

Before REES, J., presiding, JUSTICE MILLER, and STEVEN P. FLOOD, District Judge, assigned.

FLOOD, J.: Plaintiff filed an action for personal injuries sustained when she slipped and fell while attending the Kansas State Fair, September 20, 1976. The trial court held that plaintiff failed to state a claim for relief against the Board of State Fair Managers because that body was immune from tort liability under K.S.A. 46-901. The plaintiff appeals claiming that the State Fair is a proprietary function and that the borrowing of money for change during the first days of the fair violates the "cash basis" law. Kan. Const. art. 11, § 8.

In *Carroll v. Kittle,* 203 Kan. 841, 457 P.2d 21 (1969), the Supreme Court abolished immunity for state boards when acting in a proprietary capacity. However, in that decision the Court recognized the authority of the legislature to "control the entire field including that part covered by this opinion." 203 Kan. at 848. The legislature responded by enacting K.S.A. 46-901 which provided as follows:

"(a) It is hereby declared and provided that the following shall be immune from liability and suit on an implied contract, or for negligence or any other tort, except as is otherwise specifically provided by statute:

"(1) The state of Kansas; and

"(2) boards, commissions, departments, agencies, bureaus and institutions of the state of Kansas; and

"(3) all committees, assemblies, groups, by whatever designation, authorized by constitution or statute to act on behalf of or for the state of Kansas.

"(b) The immunities established by this section shall apply to all the members

of the classes described, whether the same are in existence on the effective date of this act or become members of any such class after the effective date of this act."

Although replaced by the Kansas Tort Claims Act, effective July 1, 1979, K.S.A. 1980 Supp. 75-6101 *et seq.,* K.S.A. 46-901 was in effect at the time of plaintiff's accident and controls this case. Its constitutionality was upheld in *Brown v. Wichita State University,* 219 Kan. 2, 547 P.2d 1015 (1976).

The defendant Board of State Fair Managers is a board of the State of Kansas authorized to conduct a state fair, K.S.A. 74-520 *et seq.,* and therefore was covered by K.S.A. 46-901. In *Flax v. Kansas Turnpike Authority,* 226 Kan. 1, 7, 596 P.2d 446 (1979), it was said:

"K.S.A. 46-901 and 902 comprise the legislative response to *Carroll* and reestablished governmental immunity for the State of Kansas and its various agencies, etc., for all activities, *both governmental and proprietary,* while maintaining liability for local units of government. Exceptions to the broad grant of immunity granted the State in 46-901 are found in other legislation." (Emphasis supplied.)

Counsel have not cited other legislation creating an exception to K.S.A. 46-901. The appellant's cash basis violation argument is simply a makeweight to her contention that the State Fair is a proprietary function. At the time of plaintiff's accident, the State Board of Fair Managers was immune regardless of whether the State Fair was a proprietary or a governmental function.

The trial court is affirmed.